FRANCISCO RÍOS FERRER, demandante y apelante, *v.* IGLESIA CATÓLICA, APOSTÓLICA Y ROMANA DE PUERTO RICO, ET AL., demandadas y apeladas.

Núm. 8653.—*Sometido:* Marzo 19, 1943. *Resuelto:* Mayo 19, 1943.

*Luis Mercader,* abogado del apelante; *Heriberto Torres Solá* y *F. J. Pérez Almiroty,* abogados de las apeladas.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Éste es un caso sobre daños y perjuicios en el que surge una cuestión de procedimiento y como consecuencia de ella otra de jurisdicción que deben ser consideradas previamente.

La aquí demandada inició un pleito contra el Municipio de Hatillo y el aquí demandante sobre reclamaciones opuestas sobre propiedad inmueble, en el que obtuvo, mediante *injunction,* la paralización de una obra que el aquí demandante había comenzado a construir en un solar del indicado municipio. Resuelto finalmente dicho pleito por esta Corte Suprema en contra de la aquí demandada—*Iglesia Católica, etc.* v. *Municipio,* 59 D.P.R. 191—, el demandante inició contra ella y su fiadora esta reclamación.

Los daños y perjuicios que se alegan ascienden a $8,512, como sigue: trescientos por honorarios de abogado, cien por pérdida de "*stock* de dulces," cien por depreciación de una nevera, doscientos por pérdida de materiales y mano de obra

y siete mil ochocientos doce por ganancia dejada de obtener en su negocio que habría de continuar en la construcción paralizada, durante tres años.

La demandada al contestar insistió en que la demanda no aducía hechos suficientes determinantes de una causa de acción y, al llamarse el pleito para juicio, pidió a la corte que decidiera previamente la cuestión.

La corte accedió. Suspendió la vista y una semana más tarde archivó su resolución en el sentido de que la demandada tenía razón en cuanto a la improcedencia de la reclamación por la nevera y los dulces, porque el demandante no tenía negocio alguno establecido cuando la paralización de la construcción fué decretada, y por las ganancias dejadas de obtener en su negocio en perspectiva, por tratarse de daños inciertos, contingentes o especulativos.

También en que la reclamación en todo caso debía limitarse al montante de la fianza—mil quinientos dólares—bajo la garantía de la cual se libró el injunction, pero estimando que podía reclamarse por los honorarios de abogado, fijándose éstos discrecionalmente por la corte, y por el material de construcción perdido, se negó a declarar la excepción con lugar y concedió al demandante diez días para enmendar su demanda con la advertencia de que si así no lo hacía no admitiría prueba en el juicio sobre las indicadas ganancias dejadas de obtener y sobre las pérdidas de efectos y dulces alegadas.

El demandante no enmendó su demanda ni pidió la celebración del juicio si que solicitó de la corte que dictara sentencia. Así lo hizo la corte en los siguientes términos:

"El demandante ha presentado una moción pidiendo que se dicte sentencia. No podemos darle otra interpretación a esa moción que dicha parte desiste de presentar prueba alguna en el caso y quiere discutir en el Tribunal Supremo si los fundamentos consignados por nosotros al resolver nuestra excepción previa, sobre que la parte demandante no tiene derecho a reclamar daños y perjuicios por ganancias dejadas de obtener en un negocio en perspectiva, basándonos en

que la orden de *injunction* no paralizó ningún negocio, que era entonces inexistente. Sino que paralizó la construcción de un kiosco de concreto.

"No sabemos hasta qué punto puede llevarse al Tribunal Supremo un caso en esa forma para discutir una cuestión técnica solamente, cuando la corte no ha declarado con lugar la excepción previa del demandado, y lo único que ha hecho es adelantar su opinión sobre el alcance de daños y perjuicios que podrían reclamarse en un caso como el que está alegado en la demanda de la propia parte demandante.

"Generalmente se pide sentencia cuando la Corte declare con lugar la excepción previa, lo que no ha sucedido en este caso. Es verdad que al resolver nuestra excepción previa expusimos nuestra opinión de que el demandante no podía reclamar en cuanto a las ganancias y pérdidas que reclama, pero él pudo insistir en su demanda y ofrecer prueba sobre este extremo, y pudo apelar después de la sentencia, basándose en que no se había admitido esa prueba. Su apelación ahora, sin que haya ofrecido tal prueba para discutir una cuestión académica, es algo para nosotros excepcional, pues si bien dijimos al final de nuestra resolución arriba transcrita que el demandante podía pedir sentencia para apelar, siempre pensamos en que solicitaría una vista para ofrecer su prueba, y en caso de ser negada, pedir sentencia.

"La petición de sentencia del demandante equivale a manifestar a la corte que no desea presentar prueba alguna y que se resuelva el caso por las alegaciones en relación con nuestra resolución sobre excepción previa.

"Por las expuestas razones, la corte dicta sentencia a petición del demandante, declarando sin lugar la demanda, con las costas."

Y fué contra esa sentencia que se interpuso el presente recurso de apelación, señalándose como errores los cometidos a juicio del apelante por la corte al resolver que el demandante carecía de acción para reclamar las ganancias dejadas de obtener al paralizarse el negocio que venía manteniendo desde 1923 y reanudaría al terminar la construcción del kiosco; al decidir que su derecho estaba limitado al de la cuantía de la fianza, y al indicar que la cuantía de los honorarios de abogado lo sería a ser fijada discrecionalmente por la corte.

■■ En su alegato la parte apelada sostiene que la moción para que se dictara sentencia era improcedente. Y argumentando su proposición se expresa en parte como sigue:

"Se permite a un demandante, cuya demanda es excepcionada, al resolverse la excepción de falta de causa de acción, solicitar sentencia para entonces apelar de la sentencia y así incidentalmente por el vehículo de la sentencia revisar la suficiencia de la demanda a la luz de los fundamentos de excepción previa. Pero cuando una demanda aduce causa de acción, en más o menos grado, como la de este caso en los particulares que no son pérdida por la paralización del negocio, jamás puede declararse una excepción previa con lugar. De ahí que jamás pueda dictarse una sentencia a base de una excepción previa que no fué declarada con lugar; y que jamás pueda apelarse de tal resolución al través del vehículo jurídico de la sentencia.

"" *       *       *       *       *       *       *

"La apelación de este caso meramente plantea una situación abstracta puramente técnica, que si se permite abrirá la puerta a numerosas apelaciones en los miles de casos que se puedan presentar ante nuestras cortes de justicia cada vez que un tribunal de categoría inferior anticipe un criterio o delinee la conducta a seguirse en un caso determinado. Entonces con sólo pedir sentencia en ese incidente, se provocaría una apelación más, privando a la corte inferior de resolver los pleitos en su fondo con la rapidez que demanda la administración de la justicia."

Creemos, en verdad, que el pleito no estaba listo para sentencia. Los pleitos no deben, ni pueden traerse fraccionados a esta corte. Las instancias deben agotarse resolviéndose en cada una la totalidad de las cuestiones envueltas. La defensa de falta de causa de acción fué desestimada y si bien la corte adelantó su criterio en cuanto a las partidas que conocemos, estuvo lista para celebrar el juicio, enmendárase o no la demanda. En el juicio pudo la parte demandante insistir y presentar su evidencia, tomando excepción de aquella parte que no fuere admitida y aportar la otra que tuviera en cuanto a las partidas que la corte consideró que se podían reclamar, pudiendo apelar de la sentencia que se dictare en su día aunque le fuere favorable en parte. De

ese modo todo adquiriría un relieve mayor que permitiría a esta corte decidir el caso con mayor seguridad de acierto.

La corte debió haberse negado a pronunciar sentencia sobre las alegaciones y como el procedimiento seguido para ello no se ajusta a la mejor práctica, *su sentencia será revocada y el caso devuelto a la misma para que continúe tramitándose de acuerdo con la ley y los principios enunciados en esta opinión.*

El Juez Asociado Sr. Todd, Jr., no intervino.